NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DARIO M. ALDAMA, | |
| Plaintiff, | Civil No. 13-4260 (RBK) |
| v. | |
| USCIS, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Application for Pro Bono Counsel filed by pro se plaintiff Dario Aldama ("Plaintiff"). Plaintiff seeks counsel to assist him in a petition for review, pursuant to 8 C.F.R. § 336.9(b), of a final administrative denial in naturalization proceedings before the United States Citizenship and Immigration Services ("USCIS"). Plaintiff indicates that counsel should be appointed because he cannot afford to pay for an attorney. Pl. App. at 4.[1] No opposition was filed to Plaintiff's Application. For the following reasons, Plaintiff's Application is **DENIED**.

Plaintiff filed this action on July 12, 2013. In conjunction with his complaint, Plaintiff applied for leave to proceed in forma pauperis ("IFP"). This Court granted Plaintiff's IFP application. See October 22, 2013 Order (Doc. No. 4). In his present application, Plaintiff seeks appointment of legal counsel pursuant to 28 U.S.C. § 1915(e). Under § 1915(e), the court may

---

[1] The Application for Pro Bono Counsel is located on the docket as an exhibit to Plaintiff's complaint. (Doc. No. 1).

request that an attorney represent an indigent plaintiff in a civil action. However, the appointment of counsel under § 1915(e) is a privilege, not a statutory or constitutional right of the litigant. Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011) (quoting Tabron v. Grace, 6 F.3d 147, 153, 156-58 (3d Cir. 1993)); Clayton v. Clement, C.A. 065426 (RMB), 2007 WL 1741758, at *1 (D.N.J. June 14, 2007). A court has discretion as to whether it is appropriate to appoint counsel for a pro se civil litigant. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Tabron, 6 F.3d at 154; Dockery v. Brink, C.A. 10-6033 (GEB), 2011 WL 304312, at *1 (D.N.J. Jan. 28, 2011).

The decision to appoint pro bono counsel involves a two-step analysis. First, the court must determine whether the plaintiff's claim has "some merit in fact and law." Tabron, 6 F.3d at 155. If the court finds the action is not frivolous and has merit, then it must consider six different factors, including:

1) plaintiff's ability to present his or her own case;
2) the complexity of the legal issues;
3) the degree to which factual investigation will be necessary, and the ability of the plaintiff to pursue such investigation;
4) the amount a case is likely to turn on credibility determinations;
5) whether the case will require the testimony of expert witnesses, and;
6) whether the plaintiff can attain and afford counsel on his or her own behalf.

Id. at 156-57 n.5. This list is not exhaustive, nor is any one factor determinative. Id. at 157. These Tabron/Parham factors ensure that courts will only appoint counsel in non-frivolous matters. Parham, 126 F.3d at 461. Therefore, courts will only consider appointment of counsel where a plaintiff's case appears to have merit and a weighing of the relevant factors favors appointment. Id.

From a review of the filings submitted by Plaintiff, the Court is unable to determine whether his claim demonstrates sufficient merit to justify evaluation of his request for counsel.

2

Plaintiff has indicated that he wishes to appeal a Decision in Naturalization Proceedings (N-336). Pl. App at 4. It appears that Plaintiff, a native of Cuba, applied to the USCIS for naturalization. Compl. Ex. A. His application was denied, evidently on the basis of Plaintiff's inability to meet the English language and civics requirements for naturalization. Id. Plaintiff appears to have sought an exemption on the ground that he is unable to meet these requirements due to a mental disability. It appears that the USCIS did not grant the exemption because Plaintiff did not provide Cuban military records or show why he could not obtain them. Id. It seems the USCIS wanted to see the records to substantiate Plaintiff's claim that he was dismissed from the Cuban military due to a mental disorder. Id. The USCIS also pointed to a record of a medical examination from 2007 that indicated Plaintiff had "no apparent defect, disease, or disability." Id. The USCIS further cited a contradiction between a sworn statement Plaintiff made about having always lived in Cuba prior to 2006 and a marriage certificate the agency obtained that shows Plaintiff was married in Ecuador in 1996. Id.

Federal district courts have jurisdiction to review administrative denials of naturalization applications. "Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c). See also Zayed v. United States, 368 F.3d 902 (6th Cir. 2004); Al-Sharif v. USCIS, ___ F.3d ____, No. 12-2767, 2013 WL 4405689 at *1 n.2 (3d Cir. Aug. 19, 2013). Because Plaintiff has not identified why he disagrees with the decision of USCIS, the Court is unable to determine at this juncture whether his appeal demonstrates sufficient merit to justify review of his application for pro bono counsel. While the Court does not find the appeal to be facially frivolous or malicious, Plaintiff must indicate some basis for his appeal beyond mere disagreement with the administrative agency. Because Plaintiff has not

made a showing as to the merits of his appeal, it is not necessary to consider the Tabron/Parham factors. However, this Order is entered without prejudice to Plaintiff's right to re-file his request for counsel if warranted. Should Plaintiff decide to re-file his request for counsel, the Court directs him to provide documentation to support the basis of his appeal. For example, Plaintiff may indicate whether there is evidence that the USCIS overlooked or failed to give adequate weight to. He may explain the reasons for which he disagrees with the findings of USCIS. Plaintiff may submit any argument that he believes would provide a basis for his appeal and support his claim for counsel. Accordingly, and for all the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's application for pro bono counsel is **DENIED WITHOUT PREJUDICE**.

Dated: 10/29/2013  /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge